JORGE REMEDIOS, peticionario y apelante, *v.* EMILIO FAGOT, ALCALDE, LA JUNTA ADMINISTRATIVA DEL MUNICIPIO DE PONCE y LA ASAMBLEA MUNICIPAL DE PONCE, demandados y apelados; IN RE: MORINGLANE & LLEDÓ, interventores y apelados.

No. 5198. *Sometido:* Marzo 10, 1931. *Resuelto:* Marzo 24, 1932.

*L. Tormes García,* abogado del apelante; *M. Bahamonde,* abogado de los demandados y apelados; *R. V. Pérez Marchand* y *F. B. Fornaris,* abogados de la interventora.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Están envueltas en este caso interesantes cuestiones de hecho y de derecho, pero la parte apelante reconoce que su apelación resulta ya académica por haber vencido el término del arrendamiento de que se trata, limitándose a sostener su recurso para que se le libere del pago de las costas que se le impuso y que alegó como error fudamental.

El demandante y apelante fué uno de los licitadores que acudió a la subasta celebrada por la Junta Administrativa del Municipio de Ponce el 28 de diciembre de 1928, a los efectos de arrendar por un año los ancones, remolcadores con motor, almacenes y demás enseres que corresponden al negocio de alijo que explota el municipio en su puerto.

Cuatro licitadores concurrieron y abiertas sus proposiciones se obtuvo el siguiente resultado:

Pliego No. 1. Ernesto Moringlane ____ $24,000
Pliego No. 2. Jorge Remedios_____ 26,500

Pliego No. 3. Juan J. Gerardino_____ 22, 500
Pliego No. 4. José Barbosa_____ 20, 500

La Junta consignando que lo hacía después de un "análisis de cada una de dichas proposiciones, experiencia de los licitadores, responsabilidad económica de cada uno de ellos y circunstancias generales concurrentes" aprobó la proposición de Moringlane, que ofrecía $2,500 menos que la del demandante. La adjudicación fué aprobada por la Asamblea Municipal el 29 de diciembre de 1928 y por el alcalde el 31 del propio mes y año.

La sección 17 de la Ordenanza que autorizó la subasta, dice:

"Sección 17 a.—El licitador que obtenga la buena pro, deberá consignar dentro de los cinco (5) días siguientes, las fianzas definitivas que se expresan en esta Ordenanza, las que deberán ser aprobadas por el Auditor Municipal, y por el Abogado del Municipio en cuanto a su legalidad. Si en el caso indicado no fuese presentada esta fianza, será confiscada la fianza provisional, la que quedará a favor del municipio, ingresando en el Tesoro Municipal en la forma legal que corresponda; además, quedará rescindido el contrato debiendo considerarse adjudicada la subasta entonces al postor que haya ocupado, según el precio, el segundo lugar."

Y alegando que la fianza prestada por el licitador que recibió la buena pro no sólo era ineficaz por sus términos sino que fué prestada después de vencido el plazo fijado para ello, pidió a la corte que ordenara que se le adjudicara el arrendamiento en cumplimiento de lo prescrito en la propia ordenanza, por haberse negado a ello el municipio.

Moringlane el licitador victorioso, murió a los pocos días, y Moringlane & Lledó, una sociedad industrial colectiva, alegando ser su sucesora, pidió intervenir y se le permitió que interviniera en el procedimiento con la oposición del demandante.

La corte finalmente declaró la demanda sin lugar con costas, basándose en que el procedimiento de *mandamus* no era el remedio procedente y aun más en que analizados los

hechos a la luz de la prueba practicada no tenía razón el demandante.

Estaríamos enteramente conformes con la corte de distrito si se hubiera solicitado que se ordenara la aprobación de la proposición del demandante por el solo hecho de ser mayor la suma en ella ofrecida por el arrendamiento. La junta tenía discreción y su discreción no podría ser controlada por el procedimiento de *mandamus*.

Pero la petición no se basó en ese extremo. Pidió el cumplimiento de lo expresamente acordado en la sección 17 de la Ordenanza que dejamos transcrita. Si la fianza no se prestó en el tiempo requerido, siendo además la prestada manifiestamente insuficiente, resulta por lo menos dudoso que no pudiera recurrirse al auto de *mandamus*. Véase 38 C. J. 747.

Es un hecho evidente que la fianza definitiva no se prestó dentro de los cinco días prescritos por la ordenanza. Se presentó sí al Tesorero Municipal un documento que copiado dice:

"Ponce, P. R., enero 3, 1929.—No. 8071.—Banco de Ponce.—Páguese a la orden de Hon. Tesorero Municipal de Ponce, $18,500.00—Dieciocho mil quinientos con 00/100 dollars.—(Firma ilegible ,del gerente.) Al margen: Manager's check."

El cheque no explicaba su objeto por sí mismo, ni se acompañó de documento alguno supliendo la falta. No fué aprobado por escrito. En el juicio declararon el Auditor y el abogado que lo aprobaron oralmente. No fué ingresado en los fondos del municipio. Era una garantía en verdad demasiado informal.

Con respecto a la fianza que se radicó después, bastará decir que es aparente que por sus términos no se ajusta a todas las exigencias de la Ordenanza.

Bajo esas condiciones, quizá tendríamos siempre que reconocer que no procedía el *mandamus*, pero ellas justifican al demandante al llevar su caso ante los tribunales de justicia, sin que se le considere temerario.

Debe, en tal virtud, modificarse la sentencia apelada eli-

minando de ella el pronunciamiento imponiendo las costas al demandante, sustituyéndolo por el que sigue: "sin especial condenación de costas", y *así modificada, confirmarse la sentencia recurrida.*